**[Exempt From Filing Fee
Government Code § 6103]**

1  ALESHIRE & WYNDER, LLP
   FRED GALANTE, State Bar No. 178421
2   *fgalante@awattorneys.com*
   G. ROSS TRINDLE, III, State Bar No. 228654
3   *gtrindle@awattorneys.com*
   MATTHEW K. TOM, State Bar No. 324298
4   *mtom@awattorneys.com*
   3880 Lemon Street, Suite 520
5  Riverside, California 92501
   Telephone: (951) 241-7338
6  Facsimile: (951) 300-0985

7  Attorneys for Defendants,
   CITY OF CHINO, ABRAHAM DURAN,
8  and CHRIS AVALOS

9

10               **UNITED STATES DISTRICT COURT**

11        **CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION**

12

| | |
|---|---|
| SHERLYN WILLIAMS, an individual; LORING WINN WILLIAMS, an individual; and KYLE WILLIAMS, an individual, | Case No. 5:19-cv-01094-JFW-JDE |
| Plaintiffs, | Assigned to: Judge John F. Walter Referred to: Magistrate Judge John D. Early |
| v. | **NOTICE OF MOTION & MOTION OF DEFENDANTS TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1), 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| CITY OF CHINO, a municipality sued in its official capacity, ABRAHAM DURAN, MATTHEW BALLANTYNE, CHRIS AVALOS, and DOES 1-20, inclusive, | |
| Defendants. | Fed. R. Civ. P. 12(b)(1), 12(b)(6) |
| | [*Filed concurrently with Request for Judicial Notice; Declaration of G. Ross Trindle, III; and [Proposed] Order*] |
| | Date:    December 16, 2019 Time:    1:30 p.m. Crtrm.:  7A |
| | Action Filed: June 13, 2019 FAC Filed: November 1, 2019 |

26

27

28

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on December 16, 2019 at 1:30 p.m., or as soon thereafter as the matter may be heard before the Honorable John F. Walter in Courtroom 7A of the United States District Court, Central District of California, located at 350 West 1st Street, Los Angeles, CA, 90012, Defendants CITY OF CHINO, ABRAHAM DURAN and CHRIS AVALOS (collectively "City") will and hereby do move the Court, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"), for an Order staying and/or dismissing the First Amended Complaint for Damages ("FAC") filed by Plaintiffs SHERLYN WILLIAMS, LORING WINN WILLIAMS and KYLE WILLIAMS ("Plaintiffs").

This motion is made following the attempted conference of counsel pursuant to Local Rule 7-3 which was initiated on November 8, 2019. On that date, counsel for the City contacted Plaintiffs' counsel via email, providing a letter that set forth the basis for the City's motion to dismiss and requesting to meet and confer on the matter. *See* Declaration of G. Ross Trindle, III, filed concurrently ("Trindle Decl."), ¶¶ 6-7, Ex. A. As of the date of this Motion, Plaintiffs have not responded to the request to meet and confer. Trindle Decl., ¶ 8.

The FAC is subject to a stay for lack of subject matter jurisdiction pursuant to FRCP Rule 12(b)(1) and the abstention doctrine articulated in *Younger v. Harris*, 401 U.S. 37 (1967).

Furthermore, the FAC fails to state claims upon which relief can be granted and should be dismissed for the following reasons:

1.     Plaintiff's Second and Third Causes of Action are subject dismissal as they comprise an impermissible Strategic Lawsuit Against Public Participation ("SLAPP") under California law.

2.     Plaintiffs' FAC fails to state any viable claim for which relief can be granted.

ALESHIRE & WYNDER LLP
ATTORNEYS AT LAW

A|W

3.      The City's individual defendants are entitled to qualified immunity;

4.      The FAC attempts to plead *respondeat superior* liability against the City for alleged constitutional violations, which is improper. *Monell v. New York City Dep't of Soc. Svcs.*, 436 U.S. 658, 690 (1978); and

5.      The FAC requests punitive damages against the City of Chino, a public entity, contrary to California Government Code section 818.

DATED:  November 15, 2019          ALESHIRE & WYNDER, LLP
                                   FRED GALANTE
                                   G. ROSS TRINDLE, III
                                   MATTHEW K. TOM


                        By:   /s/ G. Ross Trindle, III
                              G. ROSS TRINDLE, III
                              Attorneys for Defendants,  CITY OF
                              CHINO, ABRAHAM DURAN,
                              and CHRIS AVALOS

1

## <u>TABLE OF CONTENTS</u>

2

**Page**

3  I.   INTRODUCTION ......................................................................... 9

4  II.  STATEMENT OF FACTS ............................................................ 9

5  III. STANDARD OF REVIEW .......................................................... 10

6  IV.  ARGUMENT .............................................................................. 11

7
    A.   THE COURT SHOULD ABSTAIN FROM EXERCISING
8         JURISDICTION PURSUANT TO *YOUNGER* .................. 11

9         1.   All Middlesex Factors are Satisfied............................ 12

10        2.   The Federal Action Would Effectively Enjoin the State
               Action....................................................................... 13

11
          3.   Younger Abstention Applies to any Claims Raised by
12             Plaintiff Kyle Williams.............................................. 14

13   B.   PLAINTIFFS' STATE LAW CLAIMS ARE SUBJECT TO
          STRIKE PER CALIFORNIA'S ANTI-SLAPP LAW ......... 15

14
          1.   California's Anti-SLAPP Elements............................. 15
15
          2.   Statements and Actions of City Employees in Carrying Out
16             Code Enforcement Responsibilities Constitute Protected
               Speech Under California's Anti-SLAPP Law ................ 16
17
          3.   Plaintiffs' State Law Claims Include Allegations Arising
18             From Protected Speech .............................................. 17

19        4.   Plaintiffs Cannot Show a Likelihood of Prevailing on the
               Merits...................................................................... 17
20
     C.   INDIVIDUAL DEFENDANTS ARE ENTITLED TO QUALIFIED
21        IMMUNITY .............................................................................. 20

22   D.   PLAINTIFFS HAVE NOT ALLEGED *MONELL* LIABILITY .......... 21

23   E.   DEFENDANT CITY OF CHINO CANNOT BE LIABLE FOR
          PUNITIVE DAMAGES .............................................................. 22
24
     V.   CONCLUSION ............................................................................ 22

25

26

27

28



DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

# TABLE OF AUTHORITIES

**Page**

**Federal Cases**

*Anderson v. Creighton*,
   483 U.S. 635 (1987)..................................................................21

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)..................................................................10

*Assoc. of Am. Med. Coll. v. United States*,
   217 F.3d 770 (9th Cir. 2000) .....................................................10

*Bailey v. United States*,
   568 U.S. 186 (2013)..................................................................18

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)............................................................10, 11

*Brosseau v. Haugen*,
   543 U.S. 194 (2004)..................................................................21

*Brown v. Illinois*,
   422 U.S. 590 (1975)..................................................................18

*Canatella v. California*,
   404 F.3d 1106 (9th Cir. 2005) ...................................................14

*Castro v. Cty. of Los Angeles*,
   833 F.3d 1060 (9th Cir. 2016) ..............................................20, 21

*Dawson v. City of Seattle*,
   435 F.3d 1054 (9th Cir. 2006) ...................................................18

*Doran v. Salem Inn, Inc.*,
   422 U.S. 922 (1975)..................................................................14

*Dougherty v. City of Covina*,
   654 F.3d 892 (9th Cir. 2011) .....................................................22

*Global Telemedia Inter., Inc. v. Doe 1*,
   132 F.Supp.2d 1261 (C.D. Cal. 2001) .......................................15

*Globetrotter Software, Inc. v. Elan Computer Group, Inc.*,
   63 F.Supp.2d 1127 (N.D. Cal. 1999)..........................................15

*Harlow v. Fitzgerald*,
   457 U.S. 800 (1982)..................................................................21

Herrera v. City of Palmdale,
   918 F.3d 1037 (9th Cir. 2019) .................................11, 12, 14, 15



ALESHIRE &
WYNDER LLP
ATTORNEYS AT LAW

*Hicks v. Miranda,*
   422 U.S. 332 (1975)..................................................................................14

*Illinois v. Gates,*
   462 U.S. 213 (1983)..................................................................................18

*In re Bah,*
   321 B.R. 41 (B.A.P. 9th Cir. 2005) .........................................................15

*Kokkonen v. Guardian Life Ins. Co.,*
   511 U.S. 375 (1994)..................................................................................10

*Malley v. Briggs,*
   475 U.S. 335 (1986)............................................................................18, 21

*Michigan v. Summers,*
   452 U.S. 692 (1981)..................................................................................18

*Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n,*
   457 U.S. 423 (1982)............................................................................11, 12

*Monell v. New York City Dep't of Soc. Svcs.,*
   436 U.S. 658 (1978)........................................................................3, 9, 21, 22

*Moore v. Sims,*
   442 U.S. 415 (1979)..................................................................................13

*Muehler v. Mena,*
   544 U.S. 93 (2005)....................................................................................18

*Mueller v. Auker,*
   576 F.3d 979 (9th Cir. 2009) ....................................................................21

New Orleans Public Service, Inc. v. Council of New Orleans,
   491 U.S. 350 (1989)..................................................................................11

*Pearson v. Callahan,*
   555 U.S. 223 (2009)..................................................................................21

*Pennzoil Co. v. Texaco, Inc.,*
   481 U.S. 1 (1987)......................................................................................13

*Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill,*
   130 F.3d 432 (9th Cir.1997) .....................................................................22

*Potrero Hills Landfill, Inc. v. County of Solano,*
   657 F.3d 876 (9th Cir. 2011) ....................................................................12

ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund,
   754 F.3d 754 (9th Cir. 2014) ........................................................11, 12, 13

*Safe Air for Everyone v. Meyer,*
   373 F.3d 1035 (9th Cir. 2004) ..................................................................10

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

*Serrano v. Francis,*
345 F.3d 1071 (9th Cir. 2003) ........................................................21

Sprint Commc'ns, Inc. v. Jacobs,
571 U.S. 69 (2013) .........................................................................11

*Thornhill Publishing Co v. General Tel. & Elecs. Corp.,*
594 F.2d 730 (9th Cir. 1979) ........................................................10

*United States v. Leon,*
468 U.S. 897 (1984) ......................................................................18

*White v. Pauly,*
137 S.Ct. 548 (2017) .....................................................................21

*Younger v. Harris,*
401 U.S. 37 (1967) ....................................................................2, 11

**State Cases**

*Bradbury v. Superior Court,*
49 Cal.App.4th 1108 (1996) .........................................................16

*City of Costa Mesa v. D'Alessio Investments, LLC,*
214 Cal.App.4th 358 (2013) ....................................................16, 17

*City of Cotati v. Cashman,*
29 Cal.4th 69 (2002) .....................................................................17

*Dillon v. Haskell,*
78 Cal.App.2d 814 (1947) ............................................................19

*Donati v. Righetti,*
9 Cal.App. 45 (1908) ....................................................................19

*Flatley v. Mauro,*
39 Cal.4th 299 (2006) ...................................................................15

*Illerbrun v. Conrad,*
216 Cal.App.2d 521 (1963) ..........................................................19

*Mackie v. Ambassador Hotel & Inv. Corp.,*
123 Cal.App. 215 (1932) ..............................................................19

*Muller v. Reagh,*
215 Cal.App.2d 831 (1963) .....................................................19, 20

*Paulus v. Bob Lynch Ford, Inc.,*
139 Cal.App.4th 659 (2006) .........................................................16

*Rusheen v. Cohen,*
37 Cal.4th 1048 (2006) .................................................................16

*Schaffer v. City and Cty. of San Francisco,*
168 Cal.App.4th 992 (2008) .........................................................15

*State of Calif. v. Super. Ct. (Bodde),*
  32 Cal.4th 1234 (2004) ..........................................................19

*Turner v. Ass'n of Am. Medical Coll.,*
  167 Cal.App.4th 1401 (2008) .................................................20

*Vargas v. City of Salinas,*
  46 Cal.4th 1 (2009) ...............................................................16

*Williams v. Horvath,*
  16 Cal.3d 834 (1976) ............................................................19

*Zamos v. Stroud,*
  32 Cal.4th 958 (2004) ...........................................................16

**Federal Statutes**

42 U.S.C. § 1983 ..........................................................13, 20

**State Statutes**

California Code of Civil Procedure § 425.16 ...................15, 16

California Code of Civil Procedure § 425.16(b)(1) ..........16, 18

California Code of Civil Procedure § 425.16(c)(1) ................20

California Code of Civil Procedure § 425.16(e)(2) ................17

California Code of Civil Procedure § 428.10 .........................12

California Civil Code § 47(b) ................................................20

California Civil Code § 52 .....................................................20

California Civil Code § 52.1 ..................................................15

California Government Code § 818 ..................................3, 9, 22

California Government Code § 821.8 .....................................21

California Government Code § 945.4 .....................................19

California Penal Code § 236 ..................................................19

**Federal Rules**

Federal Rules of Civil Procedure. 12(b)(1), ....................1, 2, 10

Federal Rules of Civil Procedure 12(b)(6) ..............................2

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

While Plaintiffs' First Amended Complaint ("FAC") corrects a number of deficiencies present in their original filing, the FAC yet suffers from several fatal flaws that warrant a stay, or an outright dismissal.

<u>First</u>, Plaintiffs seek to undermine an in-progress state court code enforcement proceeding, currently pending in the Superior Court of the State of California, County of San Bernardino.  A determination by this Court of the issues raised in the FAC would necessarily impact and effectively decide the outcome of that state court proceeding.  Accordingly, the Court should abstain from deciding any of the issues presented unless and until that state court enforcement proceeding is resolved.

<u>Second</u>, two of Plaintiffs' causes of action arising under California law comprise a SLAPP suit, and are subject to strike under California's anti-SLAPP statute. Plaintiffs' claims arise out of protected speech and conduct of the City, and Plaintiffs have little to no likelihood of prevailing on the merits of either claim.

<u>Third</u>, Plaintiffs have failed to state any viable claim for relief under state or federal law as to any defendant.  Every legal theory alluded to in the FAC lacks sufficient facts to state a viable claim, or is otherwise barred, as a matter of law.

<u>Fourth</u>, all individual defendants are entitled to qualified immunity regarding procurement and execution of validly issued warrants.

<u>Fifth</u>, Plaintiffs cannot allege vicarious liability against the City for alleged civil rights violations .  *Monell v. New York City Dep't of Soc. Svcs.*, 436 U.S. 658, 690 (1978).

<u>Sixth</u>, Plaintiffs cannot recover punitive damages under state law against the City per Government Code section 818.

## II.  STATEMENT OF FACTS

Plaintiffs Loring Winn Williams and Sherlyn Williams are the owners of the real property located at 4363 Whitney Court in the City of Chino ("Property").  FAC, ¶ 14.

ALESHIRE & WYNDER LLP
ATTORNEYS AT LAW

On August 2, 2018, the City of Chino ("City") conducted a full interior and exterior inspection of the Property pursuant to Inspection Warrant No. MISC 181181 issued by the Honorable Michael R. Libutti of the San Bernardino Superior Court.  Id. at ¶ 26.

On October 24, 2018, the City initiated a state court nuisance abatement action entitled *City of Chino v. Loring Winn Williams, et al.*, San Bernardino County Superior Court case number CIVDS1827623.  (Request for Judicial Notice ("RJN"), Ex. A.) The City's state court nuisance abatement action remains pending with the parties engaged in discovery.  (Declaration of G. Ross Trindle, III ("Trindle Decl."), ¶ 3.)

## III.   <u>STANDARD OF REVIEW</u>

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of an action for "lack of subject matter jurisdiction." Fed. R. Civ. P. 12(b)(1).  A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint (a "facial attack"), or it may be made as a "speaking motion" attacking the existence of subject matter jurisdiction in fact ("factual attack").  *Thornhill Publishing Co v. General Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).  The major difference between a facial and factual attack is that under the former, the Court must consider the allegations of the complaint as true; under the latter, by contrast, the Court determines the facts for itself.  *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  For a factual attack, evidence outside the pleadings needed to resolve factual disputes as to jurisdiction may be considered.  *See Assoc. of Am. Med. Coll. v. United States*, 217 F.3d 770, 778 (9th Cir. 2000).  Plaintiffs have the burden of establishing jurisdiction.  *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).

Rule 12(b)(6), in turn, provides for dismissal of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  For a Rule 12(b)(6) motion, the facts alleged in a complaint are to be taken as true and must "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Mere legal conclusions "are not entitled to the assumption of truth." *Id.*  The complaint must contain more than "a formulaic recitation of the elements of a cause of action." *Bell*

ALESHIRE &
WYNDER LLP
ATTORNEYS AT LAW

1   *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  It must plead "enough facts to state a

2   claim to relief that is plausible on its face."  *Id.* at 570.

3        Plaintiffs are unable to establish this Court's jurisdiction over this case and have

4   otherwise failed to advance a claim upon which relief can be granted.  Therefore, City's

5   Motion to Dismiss should be granted and Plaintiffs' claims dismissed.

6   **IV.   ARGUMENT**

7       **A.   THE COURT SHOULD ABSTAIN FROM EXERCISING**

8          **JURISDICTION PURSUANT TO *YOUNGER***

9        Federal courts have discretion to abstain from exercising jurisdiction over cases

10  which may have the effect of enjoining or otherwise interfering with pending state court

11  civil proceedings on constitutional grounds.  See Younger v. Harris, 401 U.S. 37, 49-53

12  (1967) ("Younger").  Younger abstention is grounded in a "longstanding public policy

13  against federal court interference with state court proceedings . . ."  Younger, 401 U.S.

14  at 43.  A federal court may abstain under Younger in three categories of cases: (1)

15  parallel, pending state criminal proceedings, (2) state civil proceedings that are akin to

16  criminal prosecutions, and (3) state civil proceedings that implicate a State's interest in

17  enforcing the orders and judgments of its courts.  See ReadyLink Healthcare, Inc. v.

18  State Comp. Ins. Fund, 754 F.3d 754, 759 (9th Cir. 2014) ("ReadyLink"); Herrera v.

19  City of Palmdale, 918 F.3d 1037, 1044 (9th Cir. 2019) ("Herrera").  First identified in

20  New Orleans Public Service, Inc. v. Council of New Orleans, 491 U.S. 350 (1989)

21  ("NOPSI"), these three categories are known as the NOPSI categories.  See Sprint

22  Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 72–73 (2013).

23       **The Ninth Circuit recently decided that a state nuisance enforcement action**

24  **brought by a city "is a civil enforcement proceeding within the scope of the**

25  ***Younger* doctrine."**  *Herrera,* 918 F.3d at 1045 (emphasis added).  Thus, it falls into

26  one of the *NOPSI* categories.

27       However, to warrant *Younger* abstention, a state civil action must also satisfy a

28  three-part inquiry articulated in *Middlesex Cty. Ethics Comm. v. Garden State Bar*

ALESHIRE & WYNDER LLP
ATTORNEYS AT LAW

A&W

*Ass'n*, 457 U.S. 423, 432 (1982) ("*Middlesex*"):  the state proceeding must be (1) "ongoing," (2) "implicate important state interests," and (3) provide "an adequate opportunity . . . to raise constitutional challenges."  *See also ReadyLink*, 754 F.3d at 759.  If the state proceeding falls into one of the *NOPSI* categories and meets the three *Middlesex* factors, a federal court may abstain under *Younger* so long as "the federal action would have the practical effect of enjoining the state proceedings." *ReadyLink*, 754 F.3d at 759.

### 1.   *All Middlesex Factors are Satisfied*

The City's state nuisance abatement action not only falls into one of the *NOPSI* categories as a state civil proceeding that is akin to criminal prosecution, but it also satisfies the three-part inquiry articulated in *Middlesex*, 457 U.S. at 432.

First, as the City's state nuisance abatement action is still pending, the first *Middlesex* factor is satisfied.  Trindle Decl., ¶ 3.

Second, the *Herrera* court restated settled law that nuisance abatement proceedings concern important state interests:  "We have previously held that such nuisance actions implicate important state law interests and thus satisfy the second *Middlesex* factor."  *Herrera*, 918 F.3d at 1045; *see also Potrero Hills Landfill, Inc. v. County of Solano*, 657 F.3d 876, 884 (9th Cir. 2011), (finding abstention "necessary to protect the state's unique interest in exercising its basic executive functions").

Third, the state case provides an "adequate opportunity . . . to raise constitutional challenges" that Plaintiffs raise in this federal proceeding.  As the *Herrera* court noted, California Code of Civil Procedure section 428.10 provides the opportunity for any party "against whom a cause of action has been asserted in a complaint or cross-complaint" to "file a cross-complaint setting forth . . . any cause of action he has against any of the parties who filed the complaint . . ."  *Herrera*, 918 F.3d at 1046, quoting Cal. Civ. Proc. Code § 428.10.  Plaintiffs cannot carry their burden to demonstrate that state procedural law barred their opportunity to raise their constitutional claims in the state

**ALESHIRE & WYNDER** LLP
ATTORNEYS AT LAW

**A|W**

1  court action.  *See Pennzoil Co. v. Texaco, Inc.* 481 U.S. 1, 14 (1987); *Moore v. Sims*,

2  442 U.S. 415, 432 (1979).  Accordingly, the third *Middlesex* factor is satisfied.

3  **2.  *The Federal Action Would Effectively Enjoin the State Action***

4  This case falls into one of the *NOPSI* categories and satisfies all of the *Middlesex*

5  factors.  The Court can—and should—abstain if the relief sought in this federal action

6  would "enjoin—or have the practical effect of enjoining—ongoing state proceedings."

7  *ReadyLink*, 754 F.3d at 758.  Quite obviously Plaintiffs filed this case for that purpose.

8  Plaintiffs allege violations of their federal and state civil rights and seek

9  monetary compensation:  "This case concerns the unlawful seizure and detention of the

10  Williams family at their residence based on false and illegally obtained information."

11  FAC, ¶ 1.  "This is an action for damages pursuant to 42 U.S.C. § 1983 based upon past

12  violations of Plaintiffs' rights under the First and Fourth Amendments to the United

13  States Constitution." FAC, ¶ 2.  Plaintiffs allege these violations occurred as a result of

14  the inspection warrants obtained by defendants, and at issue in the state complaint.

15  FAC ¶¶ 1, 17, 18, 19; RJN Ex. A ("On August 2, 2018, the City conducted a full

16  interior and exterior inspection of the Property pursuant to Inspection Warrant No.

17  MISC 181181 . . ." [¶ 12]; "The August 2, 2018 inspection was the second of two

18  inspections of the Property conducted by the City pursuant to inspection warrant; the

19  first such inspection took place on August 9, 2017, pursuant to Warrant No. MISC

20  171410 . . ." [¶ 21].)  Plaintiffs allege that the posting of the red tag constituted a

21  seizure, also at issue in the state complaint.  FAC ¶ 1; RJN Ex. A ("Based on the

22  August 8, 2017 inspection, on September 13, 2017, the City's Building Official 'red-

23  tagged' the Property . . . pursuant to the California Building Code."  [¶ 23].)

24  These allegations attempt to attack the legitimacy of the code enforcement

25  process generally, and the inspection warrants sought, specifically, both of which are

26  integral to the ongoing state enforcement proceeding.  If successful, the Court's

27  determination of the issues in this case could—and likely would—be used to attack the

28  City's allegations, factual discovery, and ability to pursue abatement of the conditions

1    described in the underlying warrants.  Thus, it remains clear on the face of the FAC

2    that, "[r]elief on such claims requires the district court to determine first whether

3    violations of [Plaintiffs'] civil rights have occurred in the course of the state

4    enforcement proceeding, which would create a federal court judgment with preclusive

5    effect over the ongoing state action." *Herrera*, 918 F.3d at 1048.

6         Accordingly, all of the requirements for *Younger* abstention have been met and

7    the Court should so abstain as to Plaintiffs' federal civil rights claim.

8         ### 3.   *Younger Abstention Applies to any Claims Raised by Plaintiff*

9         *Kyle Williams*

10        *Younger* abstention also applies to any claims raised by Kyle Williams, even

11   though he is not a party in the ongoing state proceeding.  *See Herrera*, 918 F.3d at

12   1046-47.

13        While abstention "generally applies only where the federal plaintiffs are also

14   defendants in the ongoing state proceeding," both the United States Supreme Court and

15   the Ninth Circuit have recognized that the circumstances of some cases with legally

16   distinct parties are "so closely related that they should all be subject to the *Younger*

17   considerations which govern any one of them." *Id.* at 1046, quoting *Doran v. Salem*

18   *Inn, Inc.*, 422 U.S. 922, 928 (1975).  "The Court explained that, because the claims of

19   the federal plaintiffs would nonetheless interfere with the state case, the 'same comity

20   considerations appli[ied]' to warrant abstention." *Id.* at 1046-47, quoting *Hicks v.*

21   *Miranda*, 422 U.S. 332, 348 (1975); *see also Canatella v. California*, 404 F.3d 1106,

22   1116 (9th Cir. 2005).  Kyle Williams—the son of Mr. and Mrs. Williams—has "a

23   sufficiently close relationship" with, and "sufficiently intertwined interests" as his

24   parents in the state court nuisance abatement action. *Canatella v. California*, 404 F.3d

25   at 1116.

26        Indeed, the FAC alleges that:  "the Williams family" was unlawfully detained "at

27   their residence based on false and illegally obtained information," which was included

28   in the inspection warrant applications; "In the warrant application, the City employees

retaliated against the plaintiffs for exercising a constitutional right." FAC, ¶ 1; all Plaintiffs allege that they were detained "during the code enforcement inspection." FAC, ¶¶ 5-7; "There was no basis for the City to claim that Plaintiffs [would lie in wait or react with hostility] . . ." FAC, ¶ 21. Numerous other, similar examples abound in the FAC. The allegations effectively mirror those in *Herrera*, **where the Ninth Circuit affirmed application of *Younger* abstention**. *Herrera*, 918 F.3d at 1047.

Accordingly, all claims for monetary compensation by all Plaintiffs are subject to a stay pending resolution of the state court action. *Id.* at 1042.

### B.   PLAINTIFFS' STATE LAW CLAIMS ARE SUBJECT TO STRIKE PER CALIFORNIA'S ANTI-SLAPP LAW

Substantively, both state law claims in the FAC are subject to strike under California Code of Civil Procedure section 425.16.

#### 1.   *California's Anti-SLAPP Elements*

Section 425.16 can be asserted against supplemental state law claims joined to Plaintiffs' federal law claims. *Globetrotter Software, Inc. v. Elan Computer Group, Inc.*, 63 F.Supp.2d 1127, 1129-1130 (N.D. Cal. 1999), accord *In re Bah*, 321 B.R. 41, 46 (B.A.P. 9th Cir. 2005); *see also Global Telemedia Inter., Inc. v. Doe 1*, 132 F.Supp.2d 1261 (C.D. Cal. 2001) [anti-SLAPP motions granted as to state claims pendent to federal question claims]. An anti-SLAPP motion will lie against a claim arising under Civil Code section 52.1. *See Schaffer v. City and Cty. of San Francisco*, 168 Cal.App.4th 992, 996 (2008).

Section 425.16 authorizes the trial court to strike a cause of action against a person arising from that person's exercise of constitutional rights to free speech and petition for redress of grievances. Cal. Civ. Proc. Code § 425.16; *Flatley v. Mauro*, 39 Cal.4th 299, 311–312 (2006). The Legislature enacted the statute to provide an expeditious procedure to screen out meritless claims and thus discourage lawsuits brought primarily to chill the valid exercise of these constitutional rights. *Flatley v. Mauro*, 39 Cal.4th at 312.

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW

A|W

1    Under section 425.16, the moving party bears the initial burden of showing that

2    the cause of action arose from his or her acts in furtherance of rights to petition and free

3    speech.  Cal. Civ. Proc. Code § 425.16(b)(1); *Zamos v. Stroud,* 32 Cal.4th 958, 965

4    (2004).)  The protection extends to communicative conduct such as the filing, funding,

5    and prosecution of a civil action.  *Rusheen v. Cohen*, 37 Cal.4th 1048, 1056 (2006).  If

6    the defendant makes this showing that the challenged cause of action arises from

7    protected activity, the burden shifts to the plaintiff to establish that there is a probability

8    of prevailing on the merits of his or her claim.  Cal. Civ. Proc. Code § 425.16(b)(1);

9    *Zamos v. Stroud*, 42 Cal.4th at 965.  To satisfy this requirement, the plaintiff must

10   demonstrate that the complaint is legally sufficient and the elements of each claim are

11   supported by a sufficient prima facie showing of facts such that, if the evidence

12   submitted in support of these facts is credited, the plaintiff would be entitled to a

13   favorable judgment. *Zamos v. Stroud*, 42 Cal.4th at 965.  The plaintiff may not rely on

14   the complaint alone, but must produce admissible evidence to support the elements of

15   his claim.  *Paulus v. Bob Lynch Ford, Inc.*, 139 Cal.App.4th 659, 673 (2006).

16          **2.    _Statements and Actions of City Employees in Carrying Out Code_**

17                 **_Enforcement Responsibilities Constitute Protected Speech Under_**

18                 **_California's Anti-SLAPP Law_**

19          The anti-SLAPP law applies to the speech of government employees in the

20   context of nuisance abatement actions.  *City of Costa Mesa v. D'Alessio Investments,*

21   *LLC*, 214 Cal.App.4th 358, 371 (2013) ("*Costa Mesa*"); *Vargas v. City of Salinas*, 46

22   Cal.4th 1, 17 (2009); *Bradbury v. Superior Court*, 49 Cal.App.4th 1108, 1115 (1996).

23   In fact, there is "a long and uniform line of California Court of Appeal decisions

24   explicitly hold[ing] that governmental entities are entitled to invoke the protections of

25   section 425.16 when such entities are sued on the basis of statements or activities

26   engaged in by the public entity or its public officials in their official capacity." *Vargas*

27   *v. City of Salinas*, 46 Cal.4th at 17.

28   / / /

ALESHIRE &
WYNDER LLP
ATTORNEYS AT LAW

A|W

### 3. *Plaintiffs' State Law Claims Include Allegations Arising From Protected Speech*

The FAC plainly reveals that Plaintiffs' contentions arise from statements and conduct of public employees "made in connection with an issue under consideration or review by a legislative, executive, or judicial body." Cal. Civ. Proc. Code § 425.16(e)(2); *Costa Mesa*, 214 Cal.App.4th at 373. The FAC still alleges liability for every claim arising from the statements and conduct of public employees. "Arising from" means "the defendant's act underlying plaintiff's cause of action must itself have been an act in furtherance of the right of petition or free speech." *Costa Mesa*, 214 Cal.App.4th at 374, quoting *City of Cotati v. Cashman*, 29 Cal.4th 69, 78 (2002). Plaintiffs attack the conduct and speech of City officials going about the process of attempting to enforce the City's nuisance laws, including statements made in connection with and within validly issued abatement warrants. FAC, ¶¶ 17, 19-29. The FAC alleges that "employees of the City of Chino obtained an inspection warrant and executed a search," and "[i]n that warrant application, the City employees retaliated against the plaintiffs." FAC, ¶ 1. The FAC continues by describing the speech of City employees included in the warrant application, as well as the speech used in initially red tagging the residence as uninhabitable. *Id*. These and similar allegations throughout the FAC are incorporated into all of Plaintiffs' claims for relief. FAC, ¶¶ 15 – 21, 24, 30, 42, 47. The FAC continues to show, as was clear in *Costa Mesa*, "both an executive body (the City's government) and a judicial body (the trial court) were considering and reviewing the issue of whether illegal activity was occurring at the Property and what should occur as a consequence." *Costa Mesa*, 214 Cal.App.4th at 373. "Both forms of review and consideration of the issue of illegal conduct" at the Williams' residence qualify under Section 425.16(e)(2). *Ibid*.

### 4. *Plaintiffs Cannot Show a Likelihood of Prevailing on the Merits*

Defendants have satisfied their obligations under the anti-SLAPP analysis.

At this point, the burden shifts to Plaintiffs to show a likelihood of prevailing on

ALESHIRE & WYNDER LLP
ATTORNEYS AT LAW

1  the merits.  Cal. Civ. Proc. Code § 425.16(b)(1).  The FAC does not allege any legally
2  cognizable basis for relief.

     (a)     <u>Any Challenge to Procurement of the Inspection Warrants</u>
               <u>Does Not State a Cognizable Claim</u>

5       To the extent that Plaintiffs challenge the procurement of the inspection warrants,
6  the FAC does not allege that the supporting affidavits were "so lacking in indicia of
7  probable cause as to render official belief in its existence entirely unreasonable."
8  *Malley v. Briggs*, 475 U.S. 335, 345 (1986), *United States v. Leon*, 468 U.S. 897, 923
9  (1984); *see also Brown v. Illinois*, 422 U.S. 590, 610–11 (1975) (POWELL, J.,
10  concurring in part), *Illinois v. Gates*, 462 U.S. 213, 263–64 (1983) (WHITE, J.,
11  concurring in the judgment).  In the absence of such allegations, Plaintiffs are not likely
12  to prevail on the merits.

     (b)     <u>Any Challenge Related to the Detention of Plaintiffs While</u>
               <u>Executing the Inspection Warrants Does Not State a</u>
               <u>Cognizable Claim</u>

16       There is no violation of the Fourth Amendment where Defendants sought and
17  received a warrant, which is specifically required by the Fourth Amendment.  Indeed,
18  the FAC specifically states that Mr. Williams told Defendants that he would not
19  consent to a voluntary inspection, and that a warrant would be required.  Defendants did
20  just that.  During execution of the warrant, as a matter of law, officers are permitted to
21  detain residents.  *Michigan v. Summers*, 452 U.S. 692 (1981); *Muehler v. Mena*, 544
22  U.S. 93, 98 (2005) ("An officer's authority to detain incident to a search is categorical;
23  it does not depend on the 'quantum of proof justifying detention or the extent of the
24  intrusion to be imposed by the seizure.'"); *Bailey v. United States*, 568 U.S. 186, 200
25  (2013).  In fact, the Ninth Circuit has upheld the detention of residents during execution
26  of a warrant issued for health and safety reasons.  *Dawson v. City of Seattle*, 435 F.3d
27  1054, 1066 (9th Cir. 2006).  Accordingly, any claim grounded in the detention during
28  execution of the warrants must fail.

ALESHIRE &
WYNDER LLP
ATTORNEYS AT LAW

A | W

(c)     For Plaintiffs' State Law Claims, the FAC Does Not Allege Compliance with the California Government Claims Act

For all applicable state law claims—both the Bane Act violation and false imprisonment—Plaintiffs do not demonstrate compliance with the Government Claims Act as to any Defendant.

Compliance with the claim filing requirement is an essential element of a damages cause of action against a government entity.  Consequently, a plaintiff must allege facts demonstrating or excusing claim filing compliance; otherwise, the complaint is subject to challenge.  *State of Calif. v. Super. Ct. (Bodde)*, 32 Cal.4th 1234, 1239 (2004); *see also Williams v. Horvath*, 16 Cal.3d 834, 842 (1976) (filing of a claim for damages is "more than a procedural requirement, it is a condition precedent to plaintiff's maintaining an action against defendant, in short, an integral part of plaintiff's cause of action."), quoting *Illerbrun v. Conrad*, 216 Cal.App.2d 521, 524 (1963) (internal quotation marks omitted); Cal. Gov. Code § 945.4.

Plaintiffs do not allege, much less show, compliance with the Government Claims Act.  Accordingly, such claims must be dismissed and cannot otherwise support any claim for relief.

(d)     Plaintiffs' Do Not State a Claim for Relief for False Imprisonment

False imprisonment is the unlawful violation of the personal liberty of another.  Cal. Penal Code § 236.  The definition of the offense is the same whether alleged as a crime or a tort.  *Dillon v. Haskell*, 78 Cal.App.2d 814, 816 (1947).  "It is the unlawful arrest or detention of a person without a warrant, or by an illegal warrant, or a warrant illegally executed."  *Donati v. Righetti*, 9 Cal.App. 45, 48 (1908); *Mackie v. Ambassador Hotel & Inv. Corp.*, 123 Cal.App. 215, 220 (1932).   For a false imprisonment claim based upon an arrest **with a warrant**, "it is necessary to allege its unlawfulness by pleading the facts constituting the invalidity of the legal process."  *Muller v. Reagh*, 215 Cal.App.2d 831, 836–37 (1963) (citations omitted).   Such

1   allegations must be more than mere conclusions of law. *Ibid*. Plaintiffs' FAC contains

2   no such allegations; they will not be able to prevail on this claim.

3           (e)    Any Challenge Under California Civil Code section 52 Fails

4       Plaintiffs cannot recover under California Civil Code section 52 for

5   discrimination on the basis of disability as the FAC does not properly allege a violation.

6   *Turner v. Ass'n of Am. Medical Coll.*, 167 Cal.App.4th 1401 (2008). Plaintiffs do not

7   allege discriminatory action by Defendants *because of* Plaintiffs' alleged disability.

8   Plaintiffs' FAC contains no such allegations; Plaintiffs will not be able to prevail on

9   this claim.

10           (f)    Defendants Have Immunity For Any Challenge Under

11                  California Law Arising Out of the Code Enforcement

12                  Process

13       The City and its public employees have absolute immunity under California Civil

14   Code section 47(b). "A privileged publication . . . is one made . . . [¶](b) In any . . .

15   (2) judicial proceeding, [or] (3) in any other official proceeding authorized by law, or

16   (4) in the initiation or course of any other proceeding authorized by law." Any

17   allegation of liability premised upon statements made related to the application for,

18   receipt of, and eventual execution of, the inspection warrants, have no likelihood of

19   proceeding based upon this immunity.

20       As shown, Plaintiffs are not likely to prevail on any of the stated claims.

21   Accordingly, each of Plaintiffs' state law claims is subject to an anti-SLAPP motion

22   which, if successful, includes a mandatory attorney's fees award for the prevailing

23   party. Cal. Civ. Proc. Code § 425.16(c)(1).

24   **C.**    **INDIVIDUAL DEFENDANTS ARE ENTITLED TO QUALIFIED**

25          **IMMUNITY**

26       Qualified immunity shields government actors from civil liability under 42

27   U.S.C. § 1983 if "'their conduct does not violate clearly established statutory or

28   constitutional rights of which a reasonable person would have known.'" *Castro v. Cty.*

ALESHIRE &
WYNDER LLP
ATTORNEYS AT LAW

1    *of Los Angeles*, 833 F.3d 1060, 1066 (9th Cir. 2016) (en banc), quoting *Harlow v.*

2    *Fitzgerald*, 457 U.S. 800, 818 (1982).  It "protects 'all but the plainly incompetent or

3    those who knowingly violate the law.'" *Mueller v. Auker*, 576 F.3d 979, 992 (9th Cir.

4    2009), quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986), and protects an officer from

5    suit when he or she "makes a decision that, even if constitutionally deficient,

6    reasonably misapprehends the law governing the circumstances." *Brosseau v. Haugen*,

7    543 U.S. 194, 198 (2004).

8    "When a defendant asserts qualified immunity . . . the burden shifts to the

9    Plaintiff to show that: (1) the defendant violated a constitutional right and (2) the

10   constitutional right was clearly established." *Pearson v. Callahan*, 555 U.S. 223, 232–

11   36 (2009).  "[A] right is clearly established when the 'contours of the right [are]

12   sufficiently clear that a reasonable official would understand that what he is doing

13   violates that right.'" *Castro*, 833 F.3d at 1067, quoting *Serrano v. Francis*, 345 F.3d

14   1071, 1077 (9th Cir. 2003).  "This inquiry must be undertaken in light of the specific

15   context of the case, not as a broad general proposition."  *Mueller*, 576 F.3d at 994

16   (internal quotation marks and citation omitted).  "[T]he clearly established law must be

17   'particularized' to the facts of the case."  *White v. Pauly*, 137 S.Ct. 548, 552 (2017),

18   citing *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

19   Here, there are no cognizable constitutional violations.  But, even if some

20   violation exists, there is no clearly established law finding liability for public

21   employees acting in accord with a judicially authorized abatement warrant.  Under

22   California Government Code section 821.8, public employees are not liable for injuries

23   arising out of their entry upon any property where such entry is expressly authorized by

24   law.

25   **D.    PLAINTIFFS HAVE NOT ALLEGED *MONELL* LIABILITY**

26   Further, the FAC attempts to plead *respondeat superior* liability against the City

27   for alleged constitutional violations, which is improper.  *Monell v. New York City Dep't*

28   *of Soc. Svcs.*, 436 U.S. 658, 690 (1978) ("*Monell*").  Plaintiffs must allege, and then

ALESHIRE & WYNDER LLP
ATTORNEYS AT LAW

prove, that some custom, practice, or policy of the City can be shown to be the moving force behind a violation of constructional rights. *Monell*, 436 U.S. at 694; *see also Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011). In order to establish liability for governmental entities under *Monell*, a plaintiff must prove "(1) that [the plaintiff] possessed a constitutional right of which [s]he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation." *Dougherty*, 654 F.3d at 900, quoting *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir.1997) (internal quotation marks and citation omitted; alterations in original). The FAC does not make any allegations to this effect. Accordingly, all federal civil rights allegations against the City must be dismissed.

### E. DEFENDANT CITY OF CHINO CANNOT BE LIABLE FOR PUNITIVE DAMAGES

Under California Government Code section 818, a public entity is not liable for damages imposed primarily for the sake of example and by way of punishing the defendant. Accordingly, Plaintiffs' requests for punitive damages against the City is improper and must be dismissed. FAC, ¶¶ 41, 46; Prayer for Relief, ¶¶ 2, 3.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs' First Cause of Action must be stayed for the duration of the City's pending state civil proceeding. Alternatively, the Court can dismiss the action against individual City defendants via application of qualified immunity, and any federal civil rights liability against the City can be dismissed as inconsistent with the requirements of *Monell*.

Plaintiffs' state law causes of action alleged in the FAC should be dismissed and Defendants should be awarded attorney's fees and costs, to be proven via a subsequent motion, via California's anti-SLAPP law. Even if California's anti-SLAPP law does not apply, the FAC still is subject to dismissal where Plaintiffs have failed to

1   adequately plead a basis for relief, or where Defendants have absolute immunity.

2   Further, Plaintiffs' request for punitive damages against the City under any surviving

3   state law claim must be dismissed.

4   DATED:  November 15, 2019          ALESHIRE & WYNDER, LLP
                                      FRED GALANTE
5                                     G. ROSS TRINDLE, III
                                      MATTHEW K. TOM
6

7

8

9                                     By:      /s/ G. Ross Trindle, III
                                             _____
10                                             G. ROSS TRINDLE, III
                                             Attorneys for Defendant,  CITY OF
11                                             CHINO

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF RIVERSIDE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Riverside, State of California. My business address is 3880 Lemon Street, Suite 520, Riverside, CA 92501.

On November 15, 2019, I served true copies of the following document(s) described as **NOTICE OF MOTION & MOTION OF DEFENDANTS TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1), 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on the interested parties in this action as follows:

| | |
|---|---|
| Gregory Paul Peacock, Esq.<br>LAW OFFICES OF GREGORY PEACOCK<br>4425 Jamboree Road, Suite 130<br>Newport Beach, CA 92660<br>Tel: (949) 292-7478<br>Fax: (949) 863-9732<br>Email: gregorypeacockesq@gmail.com | Counsel for Plaintiffs Winn Williams, Sherlyn Williams, and Kyle Williams |

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 15, 2019, at Riverside, California.

/s/ Maria E. Muñoz
_____
Maria E. Muñoz

ALESHIRE & WYNDER LLP
ATTORNEYS AT LAW