1  Gregory Peacock, Esq. (SBN 277669)
2  **LAW OFFICE OF GREGORY PEACOCK**
3  4425 Jamboree Road, Suite 130
   Newport Beach, CA 92660
4  Telephone: (949) 292-7478
   Email: gregorypeacockesq@gmail.com
5

6  Attorney for Plaintiffs SHERLYN WILLIAMS, an individual; LORING WINN
7  WILLIAMS, an individual; and KYLE WILLIAMS, and individual.

8              **UNITED STATES DISTRICT COURT**

9             **CENTRAL DISTRICT OF CALIFORNIA**

10  SHERLYN WILLIAMS, an individual;   ) Case No.  5:19-cv-01094-JFW-JDE
    LORING WINN WILLIAMS, an           )
11  individual; and KYLE WILLIAMS, an  ) PLAINTIFFS' OPPOSITION TO
12  individual.                        ) DEFENDANTS MOTION TO DISMISS
                                       ) FIRST AMENDED COMPLAINT
13             Plaintiffs,             )
              vs.                      )
14                                     ) Date: December 16, 2019
15  CITY OF CHINO, a municipality sued in ) Time: 1:30 p.m.
    its official capacity, ABRAHAM     ) Crtrm: 7A
16  DURAN, and CHRIS AVALOS, and       )
    DOES 1-20, inclusive.              )
17                                     )
                                       )
18             Defendants.

19

20

21

22

23

24

25

26

27

28

## I.     FACTUAL BACKGROUD

Plaintiffs Winn and Sherlyn K. Williams are co-owners of the Residence. Winn and Sherlyn Williams and their son Kyle Williams did store and continue to store personal and private effects at Residence. (See Plaintiff's First Amended Complaint, Docket No. 19, hereinafter "FAC", ¶14.) On June 15, 2017, Defendant City of Chino by its Code Enforcement Division sent a letter demanding that Defendant Winn Williams arrange an inspection on or before June 29, 2017. (FAC ¶ 15.) On July 17, 2017, City of Chino Code Compliance Inspector Abraham Duran contacted Winn Williams and asked him for consent for the City to inspect the Residence. Mr. Williams told Duran that he would need a warrant to inspect any part of the property. Winn Williams asked Duran to 'let it go' due to hardships his family was suffering, including serious illness and recovering from a head-on automobile accident. (FAC ¶ 16.) In a declaration in support of obtaining the warrant, Defendant Duran characterized Mr. Williams' peaceful assertion of a constitutional right as "hostile." (FAC ¶ 17.)

On August 8, 2017, Defendants submitted to San Bernardino Superior Court an Application for Inspection Warrant ("Application"). The Application sought to inspect the Residence for violations of Chino Municipal Code and other applicable laws. (FAC ¶ 18.) The Application and supporting declarations went to great lengths to describe allegedly pervasive and substantial accumulation of debris, deterioration of the Residence, and overgrowth of plants. The application included numerous photographs of the Residence taken by Defendant Avalos. From the photographs, Plaintiffs can now tell that Defendant Avalos invaded the curtilage of their property to gather supposed evidence. (FAC ¶ 19.)

In the warrant application, defendants contended the following in seeking a waiver of 24-hour notice required by due process and California statute:

1

PLAINTIFFS' OPPOSITION TO DEFENDANTS MOTION TO DISMISS FIRST AMENDED COMPLAINT

". . . .  Further, based on the Owners response to the City's respect [sic] to inspect the Subject Property, the City has reason to believe the Owners will **vehemently oppose the inspection and may react in a hostile manner**.  If the Owners do have a hostile reaction, advance notice would put the inspectors in danger by allowing the occupants to prepare for and potentially **'lie in wait'** for the inspectors, or take other actions which may pose a risk to their personal safety."

(Application, Memorandum of Points and Authorities, 6:12:-22) (FAC ¶ 20.)

There was no basis for the City to claim that Plaintiffs would "lie in wait," would attack Defendants, or would otherwise react in a "hostile" manner, unless "hostile" was a term used to describe peaceful assertion of constitutional rights. (FAC ¶ 21.)  No Plaintiff made any threats or took any hostile action toward Defendants. Defendants did not allege that any Plaintiff made any threat when Defendants sought the warrantless inspection.  The Defendants sought waiver of the 24-hour notice to deprive them of their constitutional and statutory rights, humiliate them, and to 'teach them a lesson' about asserting their constitutional right to demand a warrant before their Residence was searched. (FAC ¶ 22.)

On August 8, 2017, Defendants obtained an inspection warrant from San Bernardino Superior Court.  Defendants executed the inspection warrant on August 9, 2017.  Present during the inspection were City of Chino Code Compliance Inspectors, City Building Inspectors, City Environmental Inspectors, West Valley Mosquito and Vector Control District Health Inspectors, an Inland Valley Animal Control Officer, members of the Chino Police Department, an attorney for the City and a locksmith. Defendants admit that Plaintiffs were not present at the inspection and forcible entry was used.  (FAC ¶ 23.)  On or about August 9, 2017, Defendants affixed a "red tag" stating in large print that Plaintiffs were engaged in "EXTREME HOARDING" at the Residence.  Hoarding is recognized as a mental illness. (FAC ¶ 24.)

2

PLAINTIFFS' OPPOSITION TO DEFENDANTS MOTION TO DISMISS FIRST AMENDED COMPLAINT

Approximately one year later, Defendants obtained another administrative warrant to inspect Plaintiffs' residence. (FAC ¶ 25.)  On or about August 2, 2018, Defendants executed the administrative search warrant of Plaintiffs' home. While executing the administrative warrant, DOES 1 through 6, inclusive, detained and seized Plaintiffs on the lawn of the property while the other City employees conducted the administrative search of Plaintiffs' residence. (FAC ¶ 26.)

The detention and seizure of Plaintiffs was done without probable cause or reasonable suspicion that criminality was afoot. (FAC ¶ 27.)  Plaintiffs did not say or do anything which would have led anyone to believe that they would act violently to anyone or attempt to impede the city employees from executing the administrative search. (FAC ¶ 28.)  The seizure and detention of Plaintiffs was done in retaliation for Mr. Williams previously asserting his constitutional right when he insisted that the City obtain a warrant prior to searching his residence. His peaceful assertion was unreasonably characterized as "hostile." (FAC ¶ 29.)

## II.   <u>LEGAL STANDARD</u>

Federal Rules of Civil Procedure, Rule 12(b)(6), must be read in conjunction with Federal Rules of Civil Procedure, Rule 8, which marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Rule 8 requires the plaintiff to make only (1) a short and plain statement of the court's jurisdiction, (2) a short and plain statement of the claim showing that the plaintiff is entitled to relief, and (3) a demand for judgment and relief. *Davis v. Passman*, 442 U.S. 228, (1979); *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003). Under federal notice pleading, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the

PLAINTIFFS' OPPOSITION TO DEFENDANTS MOTION TO DISMISS FIRST AMENDED COMPLAINT

complaint." *Id*. at 563. In deciding whether a pleading states a plausible claim for relief, the court considers the complaint's factual allegations, "together with all reasonable inferences" from those allegations. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011); *Capogrosso v. Sup. Ct.*, 588 F.3d 180, 184 (3rd Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 662.

Further, under federal notice pleading, courts are liberal in construing complaints in favor of plaintiffs, and allegations of material fact are taken as true and construed in the light most favorable to the pleader. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Silvas v. E Trade Mortg., Corp.*, 514 F.3d 1001, 1003-1004 (9th Cir. 2008). In reviewing a dismissal for failure to state a claim under Federal Rule of Civil Procedure Rule 12(b)(6), the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the appellant. *N. Star Intl' v. Arizona Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983). In *Conley v. Gibson*, 355 U.S. 41 (1957), the United States Supreme Court explained that dismissal for failure to state a claim should only be granted under narrow circumstances, and complaints should not be dismissed unless is appears beyond doubt that the plaintiff cannot prove any facts supporting her claim entitling her to relief. *Conley*, 355 U.S. at 45-46. The court may grant dismissal if it finds the allegations in a plaintiff's complaint to be "clearly baseless," meaning those that are found to be "fanciful," "fantastic," or delusional"; however, allegations found to be merely, "unlikely" may not be dismissed. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

Civil rights actions are governed by the pleading requirements of Federal Rules of Civil Procedure Rule 8. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002). There is no heightened pleading requirement for civil rights cases, and the United

PLAINTIFFS' OPPOSITION TO DEFENDANTS MOTION TO DISMISS FIRST AMENDED COMPLAINT

States Supreme Court has repeatedly rejected attempts by the Court of Appeals to impose heightened pleading requirements in civil rights cases. *Id*.; *Leatherman v. Tarrant Cnty.*, 507 U.S. 163 (1993).

## III.   ARGUMENT

### A. THIS HONORABLE COURT SHOULD NOT ABSTAIN FROM EXERCISING JURISDICTION

#### 1.   Abstention – Generally

At inception, the *Younger* abstention doctrine was limited to preventing federal courts from enjoining state criminal proceedings. *Younger v. Harris*, 401 U.S. 37, 53-54 (1971). Since that time, *Younger* has been extended to apply in the context of certain limited civil actions. *See, e.g. Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 13-14 (1987). However, *Younger* abstention is only applicable where a federal court action "would have the same practical effect on the state proceeding as a formal injunction." *Gilbertson v. Albright*, 381 F.3d 965, 977-978 (9th Cir. 2004).

#### 2.   This Action Not Have The Same Practical Effect On The State Proceeding As A Formal Injunction.

Defendants have failed to explain how federal claims for damages for false arrest / unlawful seizure, violation of the First Amendment and Unlawful Search will have effect the state abatement proceeding, at all, let alone explain how the claims will have the same practical effect as a formal injunction.

Plaintiff's Fourth Amendment Claim for unlawful arrest / seizure is based upon the defendants detaining the Plaintiffs while the defendants searched Plaintiffs' home. A judgment in Plaintiffs' favor, finding that the seizure of the Plaintiffs was unreasonable, will not have any effect on whether the condition of Plaintiffs' home was creating a public nuisance.

Plaintiffs' Fourth Amendment Claim against Defendant Avalos is based upon Defendant Avalos unlawfully entering the Plaintiffs' curtilage and photographing the

5

inside of Plaintiffs' home. A judgment in Plaintiffs' favor will not effect whether the condition of Plaintiffs' property was creating a public nuisance.

Plaintiffs' First Amendment Claim is based upon defendants retaliating against Loring Winn Williams for refusing to consent to city officials entering his home without a warrant. Again, a judgment in Plaintiffs' favor, will not have any effect on whether the condition of Plaintiffs' home was creating a public nuisance.

Accordingly, abstention is not appropriate because this federal action will not enjoin the state court action or have the practical effect of doing so.

### 3. If This Honorable Court Exercises Its Discretion To Abstain, The Proper Action Is A Stay, Not Dismissal.

This is an action for damages. The Ninth Circuit Court of Appeals held in *Gilbertson* that the Court may only stay an action for damages, not dismiss it. *Gilbertson*, *supra*, 381 F.3d at p. 968 and 975. Accordingly, if this Honorable Court exercises its discretion to abstain, the Plaintiffs respectfully request that the Court Stay the action and not dismiss the action.

## B. PLAINTIFFS' STATE LAW CLAIMS ARE NOT SUBJECT TO CALIFORNIA'S ANTI-SLAPP LAW.

### 1. Defendants Have Failed to Demonstrate How Plaintiffs' State Law Claims Arise From Protected Speech.

Plaintiffs have brought two California State Law claims: 1) False Imprisonment and; 2) violation of Civil Code sec. 52.1. Both of these claims are based upon one of the DOE law enforcement officers detaining the plaintiffs during the execution of the administrative search of Plaintiffs' home. There is no allegation or evidence of anyone's speech being tied to the decision of the DOE officer to detain the Plaintiffs during the administrative search. Accordingly, Defendants have not demonstrated how the decision to detain the plaintiffs arose from constitutionally protected speech.

PLAINTIFFS' OPPOSITION TO DEFENDANTS MOTION TO DISMISS FIRST AMENDED COMPLAINT

## 2. **If The Court Finds That Plaintiffs' Claims Arise From Protected Speech, Plaintiffs Will Have A Likelihood Of Prevailing On The Merits.**

### a.  Unlawful Detention and Civil Code sec. 52.1

Defendants rely upon *Michigan v. Summers*, 452 U.S. 692 (1981) and *Muehler v. Mena*, 544 U.S. 93, 98 (2005) to argue that they are always permitted to detain residents during the execution of a search warrant. In *Alexander v. City and County of San Francisco*, 29 F.d 1355 (9th Cir. 1994), the Ninth Circuit Court of Appeals discusses *Summers* and *Mena* and differentiates an administrative search warrant from a search warrant for a criminal matter. The Court in Alexander recognized that an administrative warrant does not always provide police the authority to detain and arrest the occupants of the residence. Id. at 1363.

Defendants next argue that Plaintiffs did not comply with the California Government Claims Act and therefore cannot prevail on their state law claims. Although not specifically pleaded in Plaintiffs' First Amended Complaint, Plaintiffs did comply with the Act and can Amend their complaint to make such a showing.

Defendants next argue that Plaintiffs can not state a claim for relief for false imprisonment because "For a false imprisonment claim based upon an arrest with a warrant, 'it is necessary to allege its unlawfulness by pleading the facts constituting the invalidity of the legal process." The cases relied upon by Defendants are not applicable to the claims brought by Plaintiffs because the authority relied upon defendants deal with arrest warrants, not administrative search warrants. See *Muller v. Reagh*, 215 Cal. App.2d 831 (1963); and *Collins v. Owens*, 77 Cal. App. 2d 713 (1947.) Since there is no allegation that the defendants had arrest warrants for the Plaintiffs, defendants' argument fails.

Defendants finally argue that Civil Code sec. 47(b) provides them with immunity. Defendants argument fails for several reasons. Section 47(b) relates to

7

PLAINTIFFS' OPPOSITION TO DEFENDANTS MOTION TO DISMISS FIRST AMENDED COMPLAINT

publications. Defendants fail to cite any authority which holds that Section 47(b) immunity applies to a false imprisonment in this context. Furthermore, Government Code sec. 820.4 states in pertinent part, "Nothing in this section exonerates a public employee from liability for false arrest or false imprisonment.

## C. THE INDIVIDUAL DEFENDANTS ARE NOT ENTITLED TO QUALIFIED IMMUNITY.

A peace officer is not entitled to qualified immunity if the facts, when viewed in the light most favorable to the plaintiff, show: (1) that the officer's conduct violated a constitutional right; and (2) the right was clearly established under the preexisting law. *Saucier v. Katz*, 533 U.S. 194, 201 (2001), overruled on other grounds by *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

### 1. <u>Fourth Amendment Violation for Unlawful Seizure</u>

At the time of the incident complained of in this action, it was clearly established that peace officers must have reasonable suspicion that criminality is afoot before they detain a person. It has been clearly established for decades that a police officer may briefly detain a person for investigation of criminal conduct by them, when the officer has "reasonable suspicion" to believe that the stopped individual is engaged in criminal activity. *Terry v. Ohio*, 392 U.S. 1, 23-27 (1968); *Allen v. City of Portland*, 73 F.3d 232, 235 (9th Cir.1996). "Reasonable suspicion is formed by 'specific, articulable facts which, together with objective and reasonable inferences, form the basis for suspecting that the particular person detained is engaged in criminal activity.' " *United States v. Dorais*, 241 F.3d 1124, 1130 (9th Cir.2001); *United States v. Michael R.*, 90 F.3d 340, 346 (9th Cir.1996)).. Furthermore, as discussed above, *Alexander v. City and County of San Francisco,* does not always allow peace officers to detain and arrest during the execution of an administrative search. Accordingly,

8

PLAINTIFFS' OPPOSITION TO DEFENDANTS MOTION TO DISMISS FIRST AMENDED COMPLAINT

Plaintiffs have pleaded facts to support a constitutional violation and have shown that it was clearly established that defendants' conduct was unlawful.

### 2. <u>Fourth Amendment Violation for Unlawful Search</u>

The concept of curtilage "originated at common law to extend to the area immediately surrounding a dwelling house the same protection under the law of burglary as was afforded the house itself." *Id*., citing *United States v. Dunn*, 480 U.S. 294, 300, 107 S.Ct. 1134, 1139, 94 L.Ed.2d 326 (1987). The determination of whether an area is within the protected curtilage turns on four integral factors bearing on the relationship of that area to the home. *Id*., citing *Dunn*, at 301, 107 S.Ct. at 1139. Curtilage questions should be resolved with particular reference to four factual inquiries: (1) the proximity to the home of the area claimed to be curtilage; (2) whether the area is included within an enclosure surrounding the home; (3) the nature of the uses to which the area is put; and (4) the steps taken by the resident to protect the area from observation by people passing by. *Id. Florida v. Jardines*, 569 U.S. 1 (2013) further clearly established that the areas surrounding a home's window is protected curtilage. *Id*. at 6. Accordingly, Plaintiffs have pleaded facts to support a constitutional violation and have shown that it was clearly established that defendants' conduct was unlawful.

### 3. <u>First Amendment Violation for Freedom of Speech</u>

At the time of the incident it was clearly established that persons are not required to cooperate with an investigation and peace officers cannot retaliate against persons for exercising that right. *Duran v. City of Douglas*, 904 F.2d 1372, 1377-78 (9th Cir. 1990); *Velasquez v. City of Long Beach*, 793 F.3d 1010 (9th Cir. 2015.) Accordingly, Plaintiffs have pleaded facts to support a constitutional violation and have shown that it was clearly established that defendants' conduct was unlawful.

PLAINTIFFS' OPPOSITION TO DEFENDANTS MOTION TO DISMISS FIRST AMENDED COMPLAINT

**D. IN THE ALTERNATIVE, PLAINTIFFS ARE ENTITLED TO LEAVE TO AMEND.**

If the Court is inclined to grant the Motion to Dismiss, Plaintiffs respectfully request leave to file an Amended Complaint to correct the purported deficiencies raised in the Motion to Dismiss. Plaintiffs are entitled do so unless the Complaint's purported deficiencies cannot be cured by pleading additional facts. *See Lopez* v. *Smith,* 203 F.3d 1122, 1130 (9th Cir. 2000); *Dumas* v. *Kipp,* 90 F.3d 386, 393 (9th Cir. 1996) (amendment should be granted unless it would be "futile"); *Doe* v. *United States,* 58 F.3d 494, 497 (9th Cir. 1995).

**IV.    CONCLUSION**

Based upon the foregoing, Plaintiffs request that this Honorable Court deny Defendants' Motion to Dismiss and Strike Plaintiff's Complaint, or in the alternative grant Plaintiffs leave to amend.

**LAW OFFICE OF GREGORY PEACOCK**

Dated: November 25, 2019          */s/ Gregory Peacock*_____
                                 Gregory Peacock, Esq.
                                 Attorney for Plaintiffs

PLAINTIFFS' OPPOSITION TO DEFENDANTS MOTION TO DISMISS FIRST AMENDED COMPLAINT